1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JARED ANDREW MARTIN

Plaintiff,

v.

SISIDIO, *et al.*,

Defendants.

Case No. 1:22-cv-00860-ADA-CDB (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER, FAILURE TO COMPLY WITH LOCAL RULES, AND FAILURE TO PROSECUTE

(Doc. 13)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Jared Andrew Martin was a county inmate proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

On April 11, 2023, the Court entered an order reassigning the case to a different District Judge. (Doc. 12.) The Court served the order on the same day to Plaintiff at Madera County Jail, 14191 Road 28, Madera, CA 93638, his last known address of record. On April 17, 2023, the order was returned as "Undeliverable, Not in Custody" by the United States Postal Service (USPS). Plaintiff failed to update his address within sixty-three days as required by this Court's Local Rule 183.

On June 30, 2023, this Court entered an order to show cause requiring Plaintiff to respond within fourteen days and show why this action should not be dismissed for his failure to

1   comply with the Local Rules and failure to prosecute. (Doc. 13.) The Court advised: "**Failure to**

2   **comply with this Order will result in a recommendation that this case be dismissed for failure**

3   **to comply with the Local Rules and failure to prosecute.**" (*Id.* at 2) (alteration in original). On

4   July 11, 2023, the USPS also returned the order to show cause as "Undeliverable, Not in Custody."

5         Pursuant to Local Rule 182(f), if a *pro se* party fails to notify the Court of a change of

6   address, "service of documents at the prior address [of record] of the . . . pro se party shall be

7   fully effective." L.R. 182(f). Although the order to show cause was returned to the Court, it is

8   fully effective, and Plaintiff failed to respond as ordered.

9         A *pro se* plaintiff must comply with orders of the Court. *See* L.R. 183. Failure to

10   comply with a court order may be grounds for imposition of sanctions, including dismissal or

11   any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's

12   inherent power to control its docket also allows the court to impose sanctions, including

13   dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th

14   Cir. 1986); *see* L.R. 110.

15         In considering whether to dismiss an action for failure to comply with a court order, the

16   Court must weigh the following factors: "(1) the public's interest in expeditious resolution of

17   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

18   (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of

19   cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v.*

20   *Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

21         The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of

22   litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990

23   (9th Cir. 1999)). Plaintiff has failed to advance and prosecute this case by filing a notice of

24   change of address and responding to the Court's order to show cause. (*See* Doc. 13.)

25   Accordingly, this factor weighs in favor of dismissal.

26         The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge

27   is in the best position to determine whether the delay in a particular case interferes with docket

28   management and the public interest . . . . It is incumbent upon the Court to manage its docket

1    without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. Here,

2    Plaintiff's failure to update his address is delaying this case and interfering with docket

3    management. Therefore, the second factor also weighs in favor of dismissal.

4        With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not

5    sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at

6    991). However, "delay inherently increases the risk that witnesses' memories will fade and

7    evidence will become stale." *Id.* at 643. Plaintiff's failure to comply with a court order and to

8    prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

9        As for the availability of lesser sanctions, at this stage in the proceedings there is little

10    available to the Court that would constitute a satisfactory lesser sanction while protecting the

11    Court from further, unnecessary expenditure of its scarce resources. Given Plaintiff's

12    incarceration, monetary sanctions are of little use. Moreover, at this stage of the proceedings, the

13    preclusion of evidence or witnesses is not available. The Ninth Circuit has explained that "[a]

14    district court need not exhaust every sanction short of dismissal before finally dismissing a case,

15    but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421,

16    1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's

17    order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*,

18    963 F.2d at 1262. Additionally, because the dismissal being considered in this case is without

19    prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal

20    with prejudice.

21        The fifth factor, the public policy favoring the disposition of cases on their merits,

22    ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d

23    1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's order, this

24    factor does not weigh completely against dismissal.

25        After weighing these factors, the Court finds that dismissal is appropriate. Additionally,

26    Plaintiff appears to have abandoned this action upon his release from custody. Whether he has

27    done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to

28    comply with the Court's orders. The Court declines to expend its limited resources on a case that

1    Plaintiff no longer wishes to prosecute.

2           Accordingly, it is hereby RECOMMENDED:

3                  1.     The Court DISMISS this action WITHOUT PREJUDICE for failure to obey

4                         a court order, failure to comply with the Local Rules, and failure to

5                         prosecute; and

6                  2.     Direct the Clerk of Court to close this case.

7           These Findings and Recommendations will be submitted to the United States District

8    Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from

9    the date of service of these Findings and Recommendations, Plaintiff may file written objections

10   with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and

11   Recommendations." Plaintiff's failure to file objections within the specified time may result in

12   waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

13   *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

14   IT IS SO ORDERED.

15       Dated:   __July 20, 2023__                    _____

16                                                      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4